**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OZ Urinal, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-04008 |
| v. | ) | |
| | ) | Hon. Judge Rebecca R. Pallmeyer |
| Does 1-668, As Identified in Exhibit 2, | ) | |
| | ) | Hon. Heather K. McShain |
| Defendants. | ) | |

**Defendants' Response to Plaintiff's Motion for Entry of Preliminary Injunction**

**NOW COME** certain defendants[1] (hereinafter "Defendant"), by and through their undersigned counsel, oppose Plaintiff's Motion for Entry of Preliminary Injunction [Dkt. No. 18] and state as follows:

**I. Factual Background**

Defendants are online merchants in the business of selling various consumer products, including portable urinating devices. Portable urinating devices have been ubiquitous for many years, and many include a tube design similar if not identical to the one claimed in Plaintiff's D836,773 patent (the "'773 Patent"). The '773 Patent was not filed until November 12, 2015, however, by that time, a urinating device with substantially the same design was commercially available for more than one year. Accordingly, Plaintiff does not have a reasonable likelihood of success on the merits, as Plaintiff's '773 Patent is vulnerable to being invalidated.

**II. Argument**

**a. Legal Standard**

---

[1] beautii&lookiful, bengkangouwqn, chenjuan1924, congbinbin, easy_lucky, fei fei party fun store, fuenreny baby's, girls' showtime, hegubeilugbp, jdzjhfgsjfmeiblc, jinglianluanuw, jingpin_mall, keaiyaeshop, kelanqisf, pjtmglkriw, qinyanqiaodimxd, rengyaoxunyuym, shaodoulujpp, shop5791901 store, shop911226005 store, shop911228032, storesunmengqi39677, there is no one to tell you, you are very handsome,, touboshanpingpv, usualshop, Wechunop, woshigufx, xiao yang shoes store, yiwuxinfeng, yuanzaiheng48729, zhangshuangqiao48970, zishaozhipinvw

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Shen Zhen Pin Zeng Digital Elec. Tech. Co., Ltd. v. The P'ships and Unincorporated Assocs. Identified on Schedule "A", No. 21-cv-01916 Dkt. 95 p. 2 (N.D. Ill. Jun. 25, 2021). Further, the preliminary injunction should also be tailored to the violation. Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd., 496 F.3d 769, 772 (7th Cir. 2007). In order to properly receive a preliminary injunction, Plaintiff must have demonstrated by a clear showing that "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." Am. Can Co. v. Mansukhani, 742 F.2d 314, 321-22 (7th Cir. 1984), citing, In re Uranium Antitrust Litigation, 617 F.2d 1248, 1261 (7th Cir. 1980). The movant "bears the burden of persuasion with regard to each factor in the preliminary injunction relief analysis" and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." Smith v. Foster, 2016 WL 2593957 (E.D. Wis. May 5, 2016), quoting, Cox v. City of Chicago, 868 F.2d 217, 219-23 (7th Cir. 1989). To establish a reasonable likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability. Mylan Institutional LLC v. Aurobindo Pharma Ltd., 857 F.3d 858 (Fed. Cir. 2017).

### i. Plaintiff cannot show a reasonable likelihood of success on the merits because the '773 Patent is vulnerable to being invalidated.

Although a patent is presumed valid under federal law, "that presumption does not relieve the moving party in the preliminary injunction context from carrying its normal burden of

establishing its reasonable likelihood of prevailing" on the merits. Techtronic Indus. Co. v. Chervon Holdings, Ltd., 395 F. Supp. 2d 720, 729 (N.D. Ill. 2005). If the alleged infringer "raises a substantial question of invalidity, the preliminary injunction should not issue." Neutral Tandem, Inc. v. Peerless Network, LLC, 2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010), *citing*, Altana Pharma AG v. Teva Pharms. USA, Inc., 566 F.3d 999, 1005-06 (Fed. Cir. 2009). To meet this burden, the alleged infringer must only show that the patent is "vulnerable", which requires less proof than the clear and convincing showing necessary to establish invalidity itself. Id.; Abbott Lab'ys v. Sandoz, Inc., 500 F. Supp. 2d 807, 817 (N.D. Ill. 2007), *aff'd*, 544 F.3d 1341 (Fed. Cir. 2008). If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show that the defense lacks substantial merit." Id.

Plaintiff has failed to meet the burden of proving it has a reasonable likelihood of success on the merits because there are substantial questions regarding the validity of the '773 patent. "Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial. The alleged infringer must identify at least some persuasive evidence of invalidity at this early stage to overcome the presumption of validity." Abbott; Techtronic (at a preliminary injunction stage the district court does not resolve the validity question, but "rather assesses the persuasiveness of the challenger's evidence")

A patent claim is invalid as anticipated if "the invention was…in public use, on sale, or otherwise available to the public" more than one year before "the effective filing date of a claimed invention." 35 U.S.C. § 102. To establish anticipation, there must be evidence that a person of ordinary skill in the art would recognize the presence of "each and every claim limitation in a single prior art reference, either explicitly or inherently." Sunoco P'ship Mktg. & Terminals L.P. v. U.S. Venture, Inc., 436 F. Supp. 3d 1099, 1110 (N.D. Ill. 2020); *see also*, Design Ideas, Ltd. v. Target Corp., 2021 WL 6058698 at *2 (C.D. Ill. Dec. 21, 2021) (internal citations omitted) ("A design

patent is "anticipated," that is, invalid because it is not new, if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design is substantially identical to a prior design that was commercially available more than a year before the later patent's filing date."),

The claimed design of the '773 Patent is anticipated by Reference 1[2], a "Mobile Portable Urinal Adult Urinating Device" for sale on Amazon. A true and correct copy of Reference 1 is attached hereto as **Exhibit 1**. Reference 1 discloses the design of a portable male urinal having a flexible neck design extending from an upper capped input port, that is identical, or at least substantially identical to the expandable neck design disclosed in the '773 Patent. Both products are for urinal devices, and have identical circular neck designs with accordion folds, and an ordinary observer would recognize that the design of the '773 Patent is "substantially the same" as that disclosed in Reference 1. The design disclosed in Reference 1 was commercially available as early as August 29, 2013, and has further reviews in 2014, which all predate the '773 Patent's filing date of November 12, 2015. **Exhibit 2**. Accordingly, Plaintiff cannot show a reasonable likelihood of success on the merits because of the evidence proffered by Defendants showing that the patent is plainly vulnerable to being invalidated.

**b. Plaintiff cannot demonstrate that it will suffer irreparable harm absent injunctive relief because Plaintiff has an adequate remedy at law.**

When there is no showing of irreparable harm, the court should deny a preliminary injunction on that ground alone. Praefke Auto Elec. & Battery Co. v. Tecumseh Prod. Co., 255 F.3d 460, 461 (7th Cir. 2001) ("There is therefore no showing of irreparable harm, and on this ground alone the preliminary injunction should have been denied."). The 7th Circuit has noted that conclusory or speculative contentions are insufficient to demonstrate irreparable harm. E. St. Louis Laborers' Loc. 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700, 704-06 (7th Cir. 2005) (stating

---

[2] https://www.amazon.com/dp/B009LHEE3W?th=1&psc=1, captured August 11, 2022.

that "speculative injuries do not justify" granting injunctive relief and a party cannot obtain injunctive relief "by speculating about hypothetical future injuries."); McDavid Knee Guard, Inc. v. Nike USA, Inc., 683 F. Supp. 2d 740, 748-49 (N.D. Ill. 2010) (finding "conclusory affidavits based on speculation...insufficient to justify injunctive relief prior to a trial on the merits."). Rather, Plaintiff's "evidence must demonstrate that [it] ha[s] carried [its] burden 'that irreparable injury is likely' - not just possible - 'in the absence of an injunction." Mich. v. U.S. Army Corps of Eng'rs, 2010 WL 5018559 at *24 (N.D. Ill. Dec. 2, 2010).

Even if Plaintiff could prove that it was losing sales due to Defendants' actions, the 7th Circuit has ruled that if "losses are purely financial, easily measured, and readily compensated[,] [t]here is...no showing of irreparable harm, and on this ground alone the preliminary injunction should [be] denied." Praefke Auto Elec., 255 F.3d at 463. Courts routinely hold that the loss of customers or loss of business generally is a measurable loss that can be adequately remedied by an award of monetary damages if the party seeking injunctive relief prevails after a trial on the merits. As this Court has put it, "[l]oss of sales, profits or market share does not necessarily establish irreparable harm." McDavid Knee Guard, 683 F. Supp. 2d at 747. Even if this Court denies the preliminary injunction and it is later determined that Defendants were not permitted to sell the allegedly infringing goods, Plaintiff could still be made whole by recovering any economic loss. Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc., 165 F.3d 1154, 1157 (7th Cir. 1999) (no irreparable harm if "only money is at issue."); McDavid Knee Guard (concluding that "[e]ven assuming [plaintiff] could prove that it was losing sales based on [Defendant's conduct], any such losses could be recovered as money damages from [defendant] if [plaintiff] were ultimately to prevail in this action"); Abbott Lab'ys v. Andrx Pharms., Inc., 452 F.3d 1331, 1347-48 (Fed. Cir. 2006) ("[W]e do not doubt that generic competition will impact Abbott's sales...but that alone does not establish that Abbott's harm will be irreparable."). Accordingly, because any damages that Plaintiff

seeks could be remedies by an award of monetary damages, there is no irreparable harm and no injunction should be entered.

> ### i. The harm the injunction inflicts on the Defendants outweighs the threatened injury to Plaintiff, and the preliminary injunction would disserve public interest.

If the injunction were to issue, Defendants would have to stop selling its products to comply with the injunction, or modify them to comply with the scope of the injunction. This would be very costly for Defendants and could harm their reputation and relationships with customers. Further, as already discussed, there are substantial questions about the patent's validity and if Defendants' products are not in-fact infringing, the public interest does not weight in favor of enforcement. *See*, Shure, Inc. v. ClearOne, Inc., 2018 WL 1371170 at *18 (N.D. Ill. Mar. 16, 2018) ("because there are substantial questions about the patent's validity, the public interest does not weigh in favor of enforcement."). Accordingly, the harms to Defendants' business and the public's harm from loss of competition would outweigh the threatened injury to Plaintiff, and Plaintiff cannot "me[e]t their burden of showing that the harm [it] will suffer if the injunction is denied is substantially greater than the harm [the Defendant] would suffer if the injunction were granted." Kastanis v. Eggstacy LLC, 752 F. Supp. 2d 842, 858-59 (N.D. Ill. 2010).

> ### c. At a minimum, the asset restraint should be limited to the amount that may possibly be recovered as profits through and equitable accounting.

In the alternative to a complete denial of the preliminary injunction and lifting of the asset restraint as to the Defendant, this Court should limit the asset restraint to the amount that may possibly be recovered as profits through an equitable accounting. The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages."

*Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999). Prejudgment asset restraints, therefore, are limited to cases seeking equitable relief, where they are narrowly drawn and Limited only to what is reasonably necessary to secure the (future) equitable relief." *Deckers Outdoor Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2013 WL 12314399 at *2 (N.D. Ill. Oct. 31, 2013). Applying these principles, any prejudgment asset freeze should be limited to amounts that the plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case.

Applying these principles, any prejudgment asset freeze should be limited to amounts that the plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case. 35 U.S.C. § 289; *Cengage Learning, Inc. v. Doe 1*, 2018 WL 2244461, at *3 (S.D.N.Y. Jan. 17, 2018); *see also*, *Deckers* 2013 WL 12314399, at *2 ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief. For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more... In other words, the asset-restraint order must be limited only to the extent that is needed to secure the equitable remedy; the scope of the exception (to the general ban on prejudgment restraint) is limited by the scope of the exception's rationale."); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (concluding that the "district court had the authority to freeze those assets which could have been used to satisfy an equitable award of profits" in a Lanham Act case); *See also*, McCarthy on Trademarks and Unfair Competition § 30:40 (4th ed.) (the purpose of freezing assets is to preserve "security for plaintiff's future recovery on an accounting of the counterfeiter's profits.").

To exempt assets from an asset freeze, the burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities. *Monster*

Energy Co. v. Chen Wensheng et al., 136 F. Supp. 3d 897, 910 (N.D. Ill 2015); Luxottica USA LLC v. The P'ships & Unincorporated Assocs. Identified on Schedule "A", 2015 WL 3818622 at *5 (N.D. Ill. June 18, 2015). Defendants have collected such documentary proof, including sales records of the allegedly-infringing products and supported by the attached Declaration of Hulin Li, and Defendants have sold 376 allegedly infringing products into the U.S. for a total revenue of approximately $3,107. Id. ¶ 3. Pursuant to L.R. 26.3, with the Court's leave Defendants can submit the relevant sales records to support the Hulin Li Declaration.

There is no basis for including amounts in these Defendants' frozen accounts beyond $3,107. *See, e.g.*, CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002); *see also*, Klipsch Grp., Inc. v. Big Box Store Ltd., 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) (reducing asset freeze upon defendants to $1,000 from $2,000,000 after defendants' documentary showing of profits earned from allegedly infringing goods); *Cf.*, Monster Energy (declining to modify injunction where defendants had not "submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities."). Accordingly, the amount of any asset restraint on the Defendants' accounts should be reduced to, at most, the revenue from the Defendants' account's respective sales of allegedly-infringing products.

## III. Conclusion

For the reasons set forth herein, the preliminary injunction should be denied in its entirety. At a minimum, the asset restraint improperly afflicting Defendants' accounts should be limited in accordance with principles of equity to the profit amounts identified herein.

Dated this August 31, 2022

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661

(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendants*